6/30/15
11:30 a.m.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | HON. Esther Salas |
| v. | : | Criminal No. 15- 334 |
| AFZAL KHAN, a/k/a "Bobby Khan" | : | 18 U.S.C. § 1343 and § 2 |

# INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

## COUNTS ONE THROUGH FIVE
## (Wire Fraud)

### Background

1. At times relevant to this Indictment:

a. The defendant, AFZAL KHAN, a/k/a "Bobby Khan" ("KHAN"), was a resident of Egg Harbor Township, New Jersey, and the owner and President of Emporio Motor Group ("Emporio").

b. Emporio was a car dealership located in Ramsey, New Jersey, that bought and sold used cars, typically high-end vehicles. Emporio submitted loan applications by wire to banks and other lenders on behalf of its customers. These applications typically included the purchaser's name, the make and model of the car being financed, and the Vehicle Identification Number of the car.

RECEIVED
JUN 30 2015
AT 8:30 M
WILLIAM T. WALSH, CLERK

c. "Finance Company A" was an entity that provided, among other things, retail auto finance services to car dealerships like Emporio. In this regard, car dealerships, including Emporio, electronically submitted loan applications to Finance Company A on behalf of prospective purchasers, which were reviewed by employees working out of Finance Company A's offices in Michigan and Texas. If Finance Company A approved the loan application, which normally occurred within thirty minutes of its submission, Finance Company A would notify Emporio, who would then submit further loan documentation on behalf of the purchaser, including the contract signed by the purchaser of the vehicle. Finance Company A then reviewed the additional information and, if satisfied, funded the loan by electronically sending the requested funds to an Emporio bank account. In undertaking its review, Finance Company A worked with the knowledge that if it approved the application and funded the loan, the dealer was bound by agreement to deliver the vehicle and title to the purchaser, who would then be liable for the loan.

**The Scheme to Defraud**

2. From in or about December 2013 through in or about September 2014, in the District of New Jersey and elsewhere, the defendant,

AFZAL KHAN,
a/k/a "Bobby Khan,"

did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud lenders to, and customers of, his auto dealership, Emporio Motor Group, and to obtain money and property from them by means of materially false

and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, as more fully set forth below.

**Object**

3. The object of the scheme and artifice to defraud was for defendant KHAN to enrich himself by fraudulently obtaining loans from lenders and fraudulently obtaining cars from individuals.

**Manner and Means**

4. It was part of the scheme and artifice to defraud that defendant KHAN offered to sell cars for individuals on consignment, but neither returned the car nor provided money from the sale of the car.

5. It was further part of the scheme and artifice to defraud that defendant KHAN fraudulently obtained loans from Finance Company A, among others, on behalf of purchasers for cars that he never delivered, but for which the purchaser was still responsible.

6. It was further part of the scheme and artifice to defraud that defendant KHAN obtained loans for cars from Finance Company A, among others, that he delivered, but for which he did not have title. Thus, the purchaser could not register or legally drive the car.

7. Through his scheme to defraud, including the manner and means set forth herein, defendant KHAN fraudulently obtained more than 21 loans from Finance Company A, among others, for more than $1,700,000.

8. On or about the dates set forth below, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, in the District of New Jersey, and elsewhere, the defendant,

AFZAL KHAN,
a/k/a "Bobby Khan,"

knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, namely, the loan approval applications set forth below, each constituting a separate count of this Indictment.

| **Count** | **Date** | **Automobile** | **Approximate Amount of Loan** |
|---|---|---|---|
| 1 | 02/21/14 | 2013 Rolls Royce | $150,000 |
| 2 | 04/21/14 | 2013 Lamborghini Aventador | $150,000 |
| 3 | 05/15/14 | 2010 Audi | $120,000 |
| 4 | 07/01/14 | Porsche 911 | $50,000 |
| 5 | 08/04/14 | 2012 Rolls Royce Ghost | $160,000 |

In violation of Title 18, United States Code, Section 1343, and Section 2.

**FORFEITURE ALLEGATION**

1. The allegations contained in this Indictment are incorporated by reference as though set forth in full herein for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

2. Upon conviction of the offense charged in Counts One through Five of this Indictment, the government will seek forfeiture from defendant KHAN, in accordance with Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 981(a)(1)(C), of any and all property, real or personal, that constitutes or is derived from proceeds traceable to the violation of Title 18, United States Code, Section 1343.

3. If by any act or omission of defendant KHAN any of the property subject to forfeiture herein:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant KHAN up to the value of the property described in this forfeiture allegation.

A TRUE BILL



PAUL J. FISHMAN
United States Attorney

**CASE NUMBER:** 15-334 (ES)

---

**United States District Court**
**District of New Jersey**

---

**UNITED STATES OF AMERICA**

**v.**

**AFZAL KHAN,**
**a/k/a "Bobby Khan"**

**INDICTMENT FOR**

18 USC 1343 and 2

---

**PAUL J. FISHMAN**
*UNITED STATES ATTORNEY, NEWARK, NEW JERSEY*

---

ANDREW KOGAN
*ASSISTANT U.S. ATTORNEY*
*NEWARK, NEW JERSEY*
*973.645.2754*